# Irwin and Leighton v. Davis, Director General, Appellant.

*Carriers — Contracts for transportation — Failure to deliver — Proof of claim—Sufficiency.*

The liability of a railway company as a common carrier, begins with the actual delivery of the goods for transportation and not merely with the formal execution of a receipt or bill of lading; the issuance of a bill of lading is not necessary to complete delivery and acceptance. Even where it is provided by statute that liability commences with the issuance of the bill of lading, actual delivery and acceptance are sufficient to bind the carrier.

In an action of assumpsit for failure to deliver goods consigned to a common carrier, the case is for the jury and a verdict for the plaintiff will be sustained, where evidence was produced, although contradicted, that the property was delivered to the defendant and accepted by it.

In such case, although the action was based on a bill of lading showing the number of the car in which the shipment was alleged to have been made, it is not essential that the plaintiff prove conclusively that the goods were loaded in that particular car. The car number in the bill of lading is not such a material term of the contract that failure to prove shipment in the car will prevent a recovery.

Argued October 17, 1923. Appeal, No. 285, Oct. T., 1923, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1919, No. 1102, on verdict for plaintiff in the case of Alexander D. Irwin and Archibald O. Leighton, Copartners, trading as Irwin and Leighton, v. James C. Davis, Director General of Railroads, Agent.

288, (1923).] Statement of Facts—Opinion of the Court.

Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Assumpsit for loss of goods delivered to a common carrier.    Before REED, P. J., Forty-Seventh Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $728.84, and judgment thereon.    Defendant appealed.

*Errors assigned* were, among others, the charge of the court, answers to points and refusal to give binding instructions in favor of defendant.

*Effingham B. Morris, Jr.,* of *Barnes, Biddle & Morris,* and with him *Sharswood Brinton,* for appellant.

*James J. O'Brien,* and with him *Fox & Rothschild,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

This was an action of assumpsit against the Director General of Railroads to recover the value of property which plaintiffs alleged they delivered on February 10, 1919, to the Pennsylvania Railroad Company at Philadelphia on one of its cars, No. 285338, and which the company, in breach of its agreement, failed to deliver. Plaintiffs' witnesses testified that they saw the property loaded on car No. 285338 on February 10, 1919, that the car was pulled off of the siding by an engine of the Pennsylvania Railroad Company, and that the property was never delivered.    Defendant denied that the property was ever delivered to the railroad company and called witnesses who testified that it was impossible to load the property on car No. 285338 because, at that time, the car was at another place, that it had been shipped out from Philadelphia on February 8, 1919, and was in

Harrisburg on February 10th.  The trial judge submitted to the jury the question whether the plaintiff delivered the property to the railroad company at that time and place and instructed them that even though the property was not shipped in car No. 285338, if it was shipped in any car of the company and the railroad took possession of it for the purpose of making delivery and failed to deliver, it was liable for the value of the property.  The correctness of this instruction is the only question raised by defendant, as appears by the following statement of the question involved:

In an action of assumpsit by a shipper against a carrier for the loss of a shipment based on a bill of lading showing the number of the car in which the shipment was alleged to have been made, and also that the shipment was loaded by the shipper, must not the plaintiff prove that the shipment was loaded in the particular car shown in the bill of lading in order to recover?

We agree with the trial judge that defendant would be responsible for the property if it accepted it and failed to deliver it, although it was not shipped in car No. 285338.  Counsel for defendant has referred us to no adjudicated case and no textbook which supports his contention.  The only reason urged in support of his argument is that to hold that plaintiff can recover on the contract if the property was shipped in a car of another number than that named in the bill of lading, places defendant in a defenseless position because it cannot trace so well goods delivered to it and would be at the mercy of dishonest claimants.  That there is little force in this argument is shown by the counsel's admission that if the action had been trespass plaintiffs would not have been required to prove that the property was loaded upon any particular car.  If the company had loaded the property in a car other than the one named in the bill of lading, it would hardly be contended that there could be no recovery.  It makes no difference that the shipper did the loading.  The car number in the bill of lading is

not such a material term of the contract that failure to prove shipment in the car named will prevent a recovery. It would have been error prejudicial to plaintiffs to have instructed the jury, as requested by defendant, that plaintiff could not recover unless the evidence established that the property was loaded on car No. 285338. The rule of law applicable to this case is correctly stated in 10 Corpus Juris, page 226, as follows: "The liability of the carrier, as common carrier, begins with the actual delivery of the goods for transportation and not merely with the formal execution of a receipt or bill of lading; the issuance of a bill of lading is not necessary to complete delivery and acceptance. Even where it is provided by statute that liability commences with the issuance of the bill of lading, actual delivery and acceptance are sufficient to bind the carrier."

The assignments of error are overruled, and the judgment is affirmed.